UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HWAJEONG LEE,<br><br>          Plaintiff,<br><br>v.<br><br>RCMS ENTERPRISES, INC. and REGIS CORPORATION,<br><br>          Defendants, | Index No. 26-cv-1462<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

  Plaintiff Hwajeong Lee ("Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against RCMS Enterprises, Inc. and Regis Corporation, alleges as follows:

### I. Introduction

1. Plaintiff has initiated this action against RCMS Enterprises, Inc. and Regis Corporation (hereinafter "Defendants") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. Section 2000e *et seq*) and the New Jersey Law Against Discrimination ("NJ LAD" – N.J.S.A. 10:5-2 *et seq*). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4. Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Defendant Regis Corporation, headquartered at 3701 Wayzata Boulevard, Suite 600, Minneapolis, Minnesota, is a global leader in the beauty salon and cosmetology industry. The company franchises, owns, or holds ownership interests in more than 4,800 locations worldwide. Regis locations operate under brand names including Supercuts®, SmartStyle®, Cost Cutters®, First Choice Haircutters®, and Roosters®.

7. Regis Corporation conducts business in the State of New Jersey under, among others, the Supercuts®, SmartStyle®, Cost Cutters®, First Choice Haircutters®, and Roosters® brands.

8. Defendant RCMS Enterprises, Inc. is a New Jersey corporation that operates Supercuts® locations in Wyckoff, Hackensack, and Garfield in New Jersey. Its registered office is located at 5 Springfield Court, Parsippany, New Jersey 07054.

9. Defendant Ramit Chawla is the owner and President of RCMS Enterprises, Inc., and resides in Clifton, New Jersey.

10. Plaintiff Hwajeong Lee is an adult individual who resides in Saddle Brook, New Jersey.

11. Plaintiff is female.

12. Plaintiff began her employment with Defendants in or about September 2023 at the Supercuts location at 525 Cedar Hill Avenue, Wyckoff, New Jersey 07481.

13. Plaintiff initially worked part-time and transitioned to full-time employment beginning in or about May 2024.

14. Plaintiff became an Assistant Manager of the Wyckoff store in or about January 2025.

15. During Plaintiff's employment, Thamara Perez served as the Store Manager of the Wyckoff location.

16. Camilo Castro, also known in the workplace as Roberto Cox, is a male coworker employed at the Wyckoff store.

17. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom was acting within the course and scope of their employment and for the benefit of Defendants.

## IV. Factual Allegations

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. Plaintiff was subjected to pervasive sexist and inappropriate comments while working for Defendants. For example:

    a. During her employment at Defendants' Wyckoff and Hackensack locations, Plaintiff was subjected to repeated and unwelcome sexual comments, gender-based

3

remarks, and other inappropriate conduct by coworker Camilo Castro (also known as Roberto Cox). The conduct occurred openly in the workplace, in front of other employees and, at times, customers.

b. On multiple occasions beginning in or about October 2024, Camilo made physical and verbal advances toward Plaintiff and other female employees. For example, he would sweep or touch Plaintiff's hair without consent and without any legitimate work-related reason. When Plaintiff complained to Store Manager Thamara Perez, Perez laughed and dismissed the conduct.

c. Camilo also made frequent comments objectifying women based on their race or ethnicity. Among other things, he told Plaintiff and others that white men prefer Asian women and that Plaintiff should go out and start her own business because of her appearance. When Plaintiff told him to stop, he persisted and stated that it was "the truth." Plaintiff reported this to Perez, who characterized it as a joke and took no corrective action.

d. In or about December 2024, Camilo told Plaintiff, without context, that he had not kissed a woman in two years. He then asked her whether she knew any Korean girls or friends and where he could meet Korean women, stating that they were "cute." Plaintiff responded that she did not know. Camilo also asked a Russian customer where he could meet Russian girls and stated words to the effect of, "I need a girl." The customer later complained that the comments were inappropriate and strange. Plaintiff reported the incident to Store Manager Thamara Perez and stated that the remarks were verbally inappropriate. She felt embarrassed and humiliated.

e. Camilo repeatedly intruded into Plaintiff's personal life by asking about her husband, including his salary, employer, and work location. Plaintiff reported these invasions of privacy to Thamara Perez and to owner Ramit Chawla. Mr. Chawla told Camilo to stop asking Plaintiff personal questions. However, Ms. Perez took no action.

f. On May 12, 2025, Plaintiff reported by text message to owner Ramit Chawla and separately to Perez that Camilo had told her to "practice English." Chawla did not respond. Plaintiff again reported the incident to Perez. Later that day, Plaintiff texted Perez that she did not want to work with Camilo. Perez did not respond.

g. On October 31, 2025, Camilo harassed Plaintiff by persistently asking her to introduce him to her friends with unconsented shoulder touching, demanding to know whether they were single, and urging Plaintiff to "hook" him up with them. Plaintiff refused and made clear she was uncomfortable, yet the conduct continued.

h. On the same day, while Plaintiff was providing services to a customer, Camilo stood behind her, pulled at his eyes in a mocking manner, and said, "I have the same eyes as you," repeatedly attempting to draw attention to Plaintiff's Asian ethnicity. Plaintiff and the customer were confused and disturbed by the behavior.

i. Throughout her employment, Camilo accused Plaintiff of stealing his tips, claimed that she wanted to "play games" with him, and otherwise created humiliating confrontations after she attempted to set boundaries or complain.

    j.    Plaintiff made numerous verbal and written complaints to Perez and to Chawla about Camilo's conduct. Rather than intervene, management routinely minimized the behavior, laughed, or told Plaintiff she was being overly sensitive. At times, management stated that nothing could be done or that separating Plaintiff from Camilo's schedule was "impossible."

    k.    Despite repeated notice, Defendant failed to conduct a meaningful investigation or implement effective remedial measures reasonably calculated to end the harassment.

    l.    As a result of the continuing hostile environment and Defendants' failure to act, Plaintiff suffered severe emotional distress. She experienced repeated panic attacks, hyperventilation, and carpopedal spasms that required urgent medical attention. Medical providers advised her to seek psychiatric care and restricted her return to work pending clearance.

    m.    Defendants' tolerance of this conduct and failure to protect Plaintiff permitted the harassment to continue and escalate.

20. Plaintiff reported such pervasive, sexist, and inappropriate comments within her workplace to her manager, Ms. Thamara Perez, and the owner, Ramit Chawla, that she could not tolerate. However, they just minimized and told her that she was too sensitive.

21. As the harassment continued unchecked and Defendant repeatedly failed or refused to take corrective action despite Plaintiff's many complaints, Plaintiff's mental and physical health deteriorated significantly.

22.     Plaintiff began experiencing severe anxiety symptoms at work, including panic attacks, hyperventilation, dizziness, and carpopedal spasms. These episodes occurred on multiple occasions, including but not limited to May 21, 2025; late July 2025; August 16, 2025; September 5, 2025; October 8, 2025; and November 1 and November 6, 2025. Several of these incidents required Plaintiff to leave work abruptly and seek urgent medical treatment.

23.     Medical providers who evaluated Plaintiff observed acute anxiety symptoms, provided emergency care, prescribed medication, and advised Plaintiff to obtain psychiatric treatment. Plaintiff was further advised that she should not return to work without clearance from a mental health professional.

24.     Rather than acknowledge the seriousness of the situation or ensure that the harassment stopped, Defendant continued to minimize Plaintiff's complaints, insisted on hearing "both sides," and failed to separate Plaintiff from her harasser or implement measures to protect her.

25.     Defendants' inaction allowed the hostile work environment to persist and directly contributed to the worsening of Plaintiff's condition.

26.     As a result, Plaintiff has suffered emotional distress, humiliation, fear, loss of sleep, and ongoing psychological harm, and she continues to require medical and therapeutic care.

27.     After Plaintiff's complaints to RCMS Enterprises and its management failed to stop the harassment, Plaintiff escalated her concerns to Regis Corporation, the franchisor and parent entity overseeing Supercuts locations.

28.     Regis Corporation received Plaintiff's complaint and had the opportunity to investigate the misconduct and require corrective action. However, within only a matter of days after the

complaint was submitted, Regis closed the matter without implementing any meaningful investigation, intervention, or protection for Plaintiff.

29. Upon information and belief, no remedial measures were taken to prevent further harassment, to discipline the offender, or to ensure Plaintiff could work in a safe environment free from discrimination.

30. Regis's prompt closure of the complaint, without adequate inquiry, effectively ratified and permitted the continuation of the hostile work environment.

31. As a result of the ongoing harassment and Defendants' repeated failure to take corrective action, Plaintiff's medical condition deteriorated to the point where she could no longer safely continue working.

32. On or about November 1, 2025, after experiencing a severe panic attack accompanied by hyperventilation, vomiting, and carpopedal spasms, Plaintiff sought urgent medical treatment. Medical providers advised Plaintiff to obtain psychiatric evaluations and instructed that she should not return to work unless and until she received clearance from a mental health professional.

33. Because Defendants had failed to stop the harassment, and because Plaintiff feared further incidents and worsening of her medical condition, Plaintiff has been unable to return to work since that time.

34. Defendants were aware of Plaintiff's medical crisis and her inability to work, yet failed to provide any meaningful assurance that the harassment would cease or that her workplace would be safe.

35. As a result of the foregoing, Plaintiff filed a Charge of Discrimination with the EEOC on or about January 19, 2026.

36. Plaintiff's EEOC Charges of Discrimination were sent to Defendants RCMS Enterprise Inc and Regis Corporation.

37. Plaintiff believes and therefore avers that Defendants' failure to stop the harassment and protect her, despite repeated notice, rendered her working conditions intolerable and caused her to be unable to remain employed.

## Count I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [1] Gender Discrimination

38. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

39. Defendants' conduct, as alleged at length herein, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee because of her gender.

40. During the entire period of Plaintiff's employment, Defendants engaged in discrimination based on gender, treating Plaintiff less favorably than similarly situated employees who were not female, in violation of Title VII of the Civil Rights Act of 1964.

41. Plaintiff would not have been subjected to discriminatory treatment by Defendant but for her gender.

42. Defendants' unlawful employment practices were conducted intentionally, with malice or with reckless indifference to Plaintiff's federally protected rights.

## Count II
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")

### [2] Retaliation

43. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

44. Plaintiff engaged in protected activity when she complained about sexual harassment and discrimination.

45. Following her complaints, Defendants failed to protect Plaintiff, minimized her concerns, and allowed the hostile treatment to continue.

46. Plaintiff believes and therefore avers that Defendants' actions were in retaliation for her opposition to unlawful discrimination.

47. As a direct and proximate result, Plaintiff suffered damages.

### Count III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [3] Hostile Work Environment

48. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

49. Plaintiff was subjected to unwelcome conduct, including sexual comments, gender-based remarks, and offensive behavior.

50. The harassment was severe and/or pervasive and altered the terms and conditions of Plaintiff's employment, creating an abusive working environment.

51. Defendants knew or should have known of the harassment because Plaintiff repeatedly reported the conduct to management and to ownership.

52. Despite this notice, Defendants failed to take prompt and effective remedial action reasonably calculated to end the harassment.

53. As a direct and proximate result, Plaintiff suffered emotional distress, physical manifestations of anxiety, lost wages, and other damages.

## Count IV
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [4] Constructive Discharge

54. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

55. Defendants knowingly permitted a hostile and abusive work environment to persist despite Plaintiff's repeated complaints and requests for protection.

56. The harassment, discrimination, and retaliation described above were severe and intolerable. A reasonable person in Plaintiff's position would have felt compelled to leave the workplace.

57. Plaintiff believes and therefore avers that Defendants deliberately failed to take corrective action and thereby rendered her working conditions so difficult and unpleasant that she was forced to stop working.

58. As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost wages, loss of employment benefits, emotional distress, and other damages.

## Count V
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
### ([1] Gender Discrimination, [2] Hostile Work Environment; [3] Retaliation; [4] Constructive Discharge)

59. Plaintiff realleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

60.    Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I through COUNT IV of the instant Civil Action Complaint, as such actions constitute identical violations of the NJ LAD.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor and against Defendants, and that the Court grant the following relief:

a. Declare that Defendants' acts, policies, and practices complained of herein violate Title VII of the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination;

b. Enjoin Defendants from continuing to engage in discrimination, harassment, and retaliation, and require Defendants to implement effective policies, training, supervision, and complaint procedures designed to prevent such unlawful conduct;

c. Award Plaintiff all lost wages, back pay, front pay, bonuses, benefits, and other compensation she would have received but for Defendants' unlawful actions;

d. Award damages for emotional distress, humiliation, mental anguish, pain and suffering, and loss of enjoyment of life;

e. Award punitive damages and/or liquidated damages as permitted by law to punish Defendants and deter similar misconduct;

f. Award Plaintiff her reasonable attorneys' fees, expert fees, and costs of suit;

g. Award pre-judgment and post-judgment interest as allowed by law; and

h. Grant such other and further legal or equitable relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: February 13, 2026

        /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com